MOORE et ux. v. JENKINS et al. (No. 7932.)

(Court of Civil Appeals of Texas. Ft. Worth. April 18, 1914. Rehearing Denied May 16, 1914.)

VENDOR AND PURCHASER (§ 287*)—FORECLOSURE OF VENDOR'S LIEN—VACATING SALE.

Where the assignee of a judgment foreclosing a vendor's lien agreed to release the owner of the land and her husband from liability on such judgment in consideration of the husband's agreement to refrain from bidding at the foreclosure sale, but the assignee thereafter repudiated such agreement, the owners could not have the sale set aside for fraud, as their cause of action, if any, was for a satisfaction of any balance due upon the judgment, and, moreover, if the agreement was valid, it would be a defense to any effort on the part of the assignee to collect such balance.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 810–814; Dec. Dig. § 287.*]

Appeal from District Court, Eastland County; Thos. L. Blanton, Judge.

Action by W. S. Moore and wife against J. V. Jenkins and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Stuart, Bell & Moore, of Gainesville, and D. G. Hunt and A. D. Dabney, both of Eastland, for appellants. R. L. Rust, of Eastland, for appellees.

DUNKLIN, J. Three hundred and twenty acres of land were purchased by J. V. Jenkins, who in part consideration for the transfer assumed the payment of certain outstanding vendor's lien notes against the land. He then executed a deed of conveyance to Mrs. R. G.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Moore, wife of W. S. Moore, and Moore and wife assumed the payment of those notes. Thereafter a judgment was rendered in favor of Claude McCauley, the holder of the notes, against Jenkins and his vendees, and also against H. M. Payne and W. E. Oglesby, former owners of the land, who had also assumed the payment of the notes. The judgment so rendered was for the sum of $1,387.46, with foreclosure of vendor's lien upon the land. Later McCauley transferred the judgment to Jenkins, who paid therefor the full face value of the judgment. Jenkins then procured an order of sale upon the judgment, under and by virtue of which the land was levied upon and sold to him for the sum of $100, the amount of which bid was credited upon the judgment.

W. S. Moore and R. G. Moore instituted this suit against Jenkins to set aside that sale upon an allegation of fraud practiced upon the plaintiffs. According to allegations in the petition and the evidence of W. S. Moore, Jenkins and W. S. Moore prior to the sale agreed with each other that Jenkins should purchase the property at the sheriff's sale at such price as he could acquire it; that W. S. Moore would not be a bidder at such sale, and that, in consideration of his agreement to refrain from bidding and to permit Jenkins to purchase the land as cheaply as possible, Jenkins agreed to release plaintiffs from the payment of any balance that might be due upon the judgment after crediting thereon the amount of Jenkins' bid therefor; that on the morning of the day of the sale Jenkins denied to plaintiff W. S. Moore that he had made the alleged agreement referred to above, and informed Moore that Allen, his agent employed to bid in the property, would buy it at the lowest price possible. Jenkins and Moore were then in Gainesville, and Allen was in Eastland, where the land was to be sold, and had been sent there for the purpose of buying in the property for Jenkins. It was further alleged and testified to by W. S. Moore that after said conversation with Jenkins he made diligent effort to submit a bid upon the property to the amount of the judgment, if necessary to purchase the same, and that he was able to pay the amount of the judgment on such bid, but that the agent employed by him in Eastland over the telephone to represent him at the sale received the message too late to submit a bid. There was testimony further to support the allegation in plaintiff's petition that the land was worth considerably more than the amount due on the judgment. It was further charged in the petition that prior to the transfer of the judgment from McCauley to Jenkins the same agreement was made between Jenkins and W. S. Moore referred to above; that the transfer of the judgment from McCauley to Jenkins thereafter was the result of a fraudulent collusion on the part of McCauley and Jenkins for the acquisition of the property by Jenkins under the foreclosure sale for a price less than the amount of the judgment and less than its market value. But this allegation of fraud is not sustained by any testimony introduced upon the trial. The trial court gave a peremptory instruction to find for the defendant, and from a judgment rendered in compliance with that instruction the plaintiffs have appealed.

The theory upon which the court proceeded in giving the peremptory instruction is not disclosed in the record from the trial court, but in the briefs for the parties it is suggested that the court did so for the reason that there was no consideration for the alleged agreement by Jenkins to release any balance due on the judgment after crediting the amount of his bid, and that therefore the agreement was nudum pactum, and hence of no force or effect. It thus appears that the ultimate relief desired by plaintiffs is to avoid any liability upon the judgment rendered against them in the foreclosure suit. Their only purpose for having the sale set aside was that they might have the opportunity at another sale to make the property sell for the amount of the judgment. If the alleged agreement on the part of Jenkins to release plaintiffs from the unpaid balance of the judgment after crediting the price for which he bought the property is valid and binding upon Jenkins, then the same would be a valid defense to any effort on the part of Jenkins to collect such balance of the judgment from the plaintiffs. The purchase of the land by Jenkins at the lowest price possible was in exact accordance with the agreement of plaintiffs, who did not desire the property, but whose only desire was to be released from any balance due on the judgment. Accordingly we are of the opinion that plaintiffs had no cause of action to set aside the sale, but that their cause of action, if any, was for a satisfaction of the balance due upon the judgment in accordance with Jenkins' agreement referred to above, and that the judgment of the trial court should be affirmed, without prejudice to plaintiffs' right to invoke said agreement as a defense to any demand against plaintiffs for the balance due upon the judgment of foreclosure, or to base a suit thereon for cancellation of such balance.

Judgment affirmed.